UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOURGAULT, ASHE & ASSOCIATES INC.,<br>A & B INSURANCE GROUP, LLC<br><br>and<br><br>RICHARD BOURGAULT and<br>WENDY ASHE, Individually,<br><br>  Plaintiffs,<br><br>v.<br><br>FARM FAMILY CASUALTY INSURANCE<br>COMPANY,<br><br>  Defendant. | CIVIL ACTION NO: 1:10–cv–10685–NG |

## ORDER

After hearing and consideration of all submissions by Defendant and Plaintiffs, the Court rules as follows:

1. The Joint Motion for Consent Order (Docket Entry No. __) is hereby GRANTED;

2. In accordance with Federal Rule of Civil Procedure 65, plaintiffs, Bourgault, Ashe & Associates, Inc. ("BAA"). A & B Insurance Group, LLC ("A & B Insurance"), Richard G. Bourgault, individually and as President of BAA and as Manager of A & B Insurance, and Wendy M. Ashe ("Ashe"), individually and as Director of BAA and as Manager of A & B Insurance, (hereinafter collectively the "Plaintiffs"), their officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation with any of the foregoing:

    A. Plaintiffs shall deliver to Farm Family Casualty **within five (5) days** after entry of this Order a written statement, sworn under the pains and penalties of perjury, that they no longer possess or retain custody of any of the following:

        i. Massachusetts Farm Bureau membership lists;
        ii. Massachusetts Nursery and Landscape Association membership lists;
        iii. Any and all documents, manuals, books, sample forms, guidelines,

1257801v1

        marketing materials or brochures provided by Farm Family Casualty or its affiliates, or bearing the name "Farm Family"; and

    iv.    Any and all banners, signs or specialty items provided by Farm Family Casualty or its affiliates, or bearing the name "Farm Family."

B.    Plaintiffs shall deliver to Farm Family Casualty **within ten (10) days** after entry of this Order a list of all policies renewed, placed, written or brokered by A & B Insurance during the period July 1, 2008 to the date of this Order; such list to contain the following information:

    i.    Name(s) of policyholder(s);
    ii.    Type of policy;
    iii.    Policy number;
    iv.    Date placed, brokered, written or renewed;
    v.    Co-broker, if any; and
    vi.    Name of insurance company.

Plaintiffs shall undertake a thorough, complete and good faith effort to provide all information set forth above, and further shall immediately supplement this list if and when additional, responsive information becomes available.

C.    Plaintiffs shall deliver to Farm Family Casualty **within ten (10) days** after entry of this Order a list of all policies renewed, placed, written or brokered by BAA, Ashe or Bourgault with insurance companies other than Farm Family Casualty, or any of its affiliates, during the period January 1, 2008 to the date of this Order; such list to contain the following information:

    i.    Name(s) of policyholder(s);
    ii.    Type of policy;
    iii.    Policy number;
    iv.    Date placed, brokered, written or renewed;
    v.    Co-broker, if any; and
    vi.    Name of insurance company.

Plaintiffs shall undertake a thorough, complete and good faith effort to provide all information set forth above, and further shall immediately supplement this list if and when additional, responsive information becomes available.

D.    Plaintiffs shall deliver to Farm Family Casualty within five (5) days of entry of this Order, a list of all electronic devices, computers, servers, CDs, hard drives, zip drives, tapes, or other electronic media on which Farm Family Policyholder Information is stored or maintained; such list to

include the following:

    i. type of device (i.e. computer and manufacturer, server, CD, hard drive, zip drive, tape or other electronic media);
    ii. Software systems;
    iii. location of such device; and
    iv. operating system.

E. Plaintiffs shall permit, and reasonably cooperate with, Farm Family Casualty representatives, upon no less than twenty-four (24) hour notice, within fourteen (14) days after receipt of the lists provided for in 2B, 2C and 2D, above, to copy any and all electronic devices, computers, servers, CDs, hard drives, zip drives, tapes, or other electronic media listed in response to 2D, above, except that there shall be no copying of (i) e-mail correspondence; (ii) e-mail attachments; (iii) e-mail software; or (iv) those electronic devices, files, systems and software that Plaintiffs swear, under the pains and penalties of perjury, do not contain Farm Family Policyholder Information. Copying shall be conducted at Farm Family Casualty's expense, on Plaintiffs' premises, by Farm Family Casualty representatives.

F. Notwithstanding the language of 2E, above, to the extent any electronic device, computer, server, CD, hard drive, zip drive, tape, software package or other electronic media listed in response to 2D, above, has a deminimus number of documents or files containing Farm Family Policyholder Information, as identified by Plaintiffs in a sworn statement signed under the pains and penalties of perjury, Plaintiffs shall provide to Farm Family Casualty hard copies of those documents or files containing Farm Family Policyholder Information; in which event Farm Family Casualty shall not be entitled to electronic copies of the entire electronic device, computer, server, CD, hard drive, zip drive, tape, or other electronic media identified by Plaintiffs.

G. Plaintiffs shall provide to Farm Family Casualty hard copies of any and all e-mail correspondence and e-mail attachments currently in Plaintiffs' possession, custody or control which contain Farm Family Policyholder Information together with a sworn statement, under pains and penalties of perjury, that they do not have possession, custody or control of any other emails or attachments containing Farm Family Policyholder Information.

Plaintiffs shall immediately supplement this production if and when they find additional emails or attachments thereto containing Farm Family Casualty Policyholder Information.

H. Plaintiffs shall permit, and reasonably cooperate with, Farm Family Casualty representatives, with no less than twenty-four (24) hour notice, within fourteen (14) days after receipt of the lists provided for in 2B, 2C

and 2D, to delete from all computers, electronic devices or media maintained or used by Plaintiffs any and all files created as a result of Plaintiffs' on-line access to the Service and Marketing network maintained by Farm Family Casualty or its affiliates; such deletion to be conducted at Farm Family Casualty's expense, on Plaintiffs' premises, by Farm Family Casualty representatives. Farm Family Casualty's attorneys shall maintain in escrow a CD containing copies of all files deleted pursuant to this paragraph 2F.

I. Except as specifically set forth in 3, below, Plaintiffs shall refrain from modifying, altering, deleting or otherwise changing any electronic files until Farm Family Casualty has copied such files as provided for in 2E, above. This restriction shall not apply to modifications, alterations, deletions or other changes in electronic files which Plaintiffs ordinarily conduct, and continue to conduct, in the usual or ordinary course of business operations.

J. Plaintiffs shall deliver to Farm Family Casualty **within five (5) days** after entry of this Order a written statement, sworn under the pains and penalties of perjury, that they no longer possess or retain custody of paper copies of any documents received prior to April 30, 2010 containing Farm Family Policyholder Information.

K. Plaintiffs shall refrain from disclosing, distributing, reviewing or using any Farm Family Policyholder Information except for the sole purpose of this action.

3. Plaintiffs shall **within forty-eight (48) hours** after entry of this Order (i) delete or remove from any and all computers, electronic devices or other media maintained or used by Plaintiffs any and all tax, medical, financial or other personal information of Ashe or Bourgault, or their respective families, (ii) provide copies of such information, either in electronic or paper form, to Plaintiffs' counsel, and (iii) provide Farm Family Casualty with a log identifying all such information deleted or removed, documents or records. Plaintiffs' counsel shall retain copies of such information, in the form provided by Plaintiffs, until this litigation is concluded. If after copying Plaintiffs' electronic devices, computers, servers, CDs, hard drives, zip drives, tapes, or other electronic media Farm Family Casualty determines that it has obtained copies of Plaintiffs' personal information as defined above, Farm Family Casualty shall immediately notify Plaintiffs' counsel of this occurrence, arrange for the return of all such personal information to Plaintiffs and permanently delete all copies of Plaintiffs' personal information from its physical and/or electronic data storage and retention systems.

4. For the purpose of this Order, "Farm Family Casualty Policyholder Information" shall include any of the following that identifies, refers to or relates to any policyholder listed on Exhibit A to Defendant's Motion for Preliminary Injunction; which the Defendant has represented identifies only individuals or

1257801v1

entities insured by Farm Family Casualty on or before April 30, 2010:

     i. Names, addresses and ages of policyholders;
     ii. Contact information;
     iii. Types of policies
     iv. Policy numbers;
     v. Amounts of insurance;
     vi. Premiums;
     vii. Expiration or renewal dates;
     viii. Policyholder listings;
     ix. Description and location of insured properties;
     x. Notes;
     xi. Writings describing or identifying contacts;
     xii. Insurance reviews;
     xiii. Photographs;
     xiv. Diagrams;
     xv. Maps;
     xvi. Appraisals;
     xvii. Certificates of Insurance;
     xviii. Information contained in applications, claims or certificates;
     xix. Field changes;
     xx. Field underwriting records or notes; and
     xxi. Cost estimators.

5. Notwithstanding anything in this Order to the contrary, the Plaintiffs may use (i) personal information provided to Plaintiffs after April 30, 2010 by Farm Family Policyholders without solicitation, or (ii) information specifically relating to the insurance policies identified on the lists produced by the Plaintiffs in accordance with 2B and 2C, above, for the sole purpose of servicing those policies.

6. In the event Plaintiffs discover, or come into possession of, any of the documents or materials identified in 2A or 2J, above, they shall **within twenty-four (24) hours** deliver all such documents or materials to Farm Family Casualty, and shall not use, copy or disclose the contents of any such document or material.

7. In accordance with Federal Rule of Civil Procedure 65, defendant, Farm Family Casualty, and its officers, agents, servants, employees and attorneys, and other persons who are in active concert or participation with Farm Family Casualty shall refrain from using for solicitation of business or any other purpose any of the information in the lists produced by Plaintiffs pursuant to 2B or 2C, above, and any policies, applications or other documents specifically relating to those policies obtained by Farm Family Casualty as a result of the copying provided for in 2E, above, for any purpose other than this action.

8. This Order shall remain in effect during the pendency of this action and until further Order of this Court;

1257801v1

9. Defendant's Motion for Preliminary Injunction (Docket Entry No. 39) is DENIED as moot; and

10. No party shall be required to post a bond.

It is so ORDERED.

Dated: 7/26/2010

1257801v1